

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–13–103

| | |
|---|---|
| HEIRS OF MANCIL AND SYLVIA DUNCAN, ET AL.<br><br>APPELLANTS<br><br>V.<br><br>ALFRED T. WILLIAMS LIVING TRUST and MARCEIL E. SIBERT LIVING TRUST<br><br>APPELLEES | **Opinion Delivered** AUGUST 28, 2013<br><br>APPEAL FROM THE CLEBURNE COUNTY CIRCUIT COURT [NO. CV-09-78-4]<br><br>HONORABLE TIM WEAVER, JUDGE<br><br>REBRIEFING ORDERED |

## KENNETH S. HIXSON, Judge

On April 2, 2009, appellees Alfred T. Williams Living Trust and Marceil E. Sibert Living Trust filed a complaint to quiet title to mineral interests to an eighty-acre tract of property in Cleburne County. On July 27, 2009, the trial court entered a decree quieting title to the mineral interests in the appellees.

On April 19, 2010, the appellants, Heirs of Mancil and Sylvia Duncan, et al., filed a petition to set aside the decree quieting title to the appellees. The appellants subsequently moved for summary judgment. On October 15, 2012, the trial court entered an order denying appellants' motion for summary judgment and dismissing their petition to set aside the decree. The appellants now appeal from the October 15, 2012 order. On appeal, the appellants argue that the trial court did not have jurisdiction to enter the decree quieting title

in the appellees on July 27, 2009, due to lack of proper service. We order rebriefing for the appellants to supplement their addendum.

Arkansas Supreme Court Rule 4–2(a)(8)(A) provides that an appellant's addendum shall contain documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. The addendum must contain the relevant pleadings and motions that were before the trial court. Rule 4–2(b)(4) provides:

> If the appellate court determines that deficiencies or omissions in the abstract or addendum need to be corrected, but complete rebriefing is not needed, then the court will order the appellant to file a supplemental abstract or addendum within seven calendar days to provide the additional materials from the record to the members of the appellate court.

The appellants' addendum is deficient because it fails to include its petition to set aside the decree quieting title. Moreover, the addendum does not contain the appellees' response to appellants' petition. Accordingly, the appellants have seven calendar days in which to file a supplemental addendum in compliance with the Rule. Ark. Sup. Ct. R. 4-2(b)(4). This list may not be inclusive of the missing and necessary pleadings, motions, and briefs that should be included in the addendum, and we encourage appellants' counsel to review the Rules of the Arkansas Supreme Court, as well as the record and addendum, to ensure that no additional deficiencies are present.

Rebriefing ordered.

WHITEAKER and VAUGHT, JJ., agree.

*Drew E. Smith*, for appellants.

*Richard Mays Law Firm, PLLC*, by: *Richard H. Mays*, for appellees.